IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-00-44-BLG-DWM-CSO-1 |
| Plaintiff, | |
| | **FINDINGS AND** |
| vs. | **RECOMMENDATIONS TO** |
| | **REVOKE SUPERVISED** |
| MELVIN LOUIS WEASELBOY, | **RELEASE** |
| Defendant. | |

## I. Synopsis of Recommendations

A petition alleged that Defendant Melvin Louis Weaselboy
("Weaselboy") violated his conditions of supervised release in multiple
ways discussed in more detail below. Weaselboy admitted the
violations. Weaselboy's supervised release should be revoked, and he
should be sentenced to 18 months imprisonment with 42 months of
supervised release to follow.

## II. Status

On February 7, 2001, Weaselboy pled guilty to possession with
intent to distribute methamphetamine, possession of a firearm in
furtherance of a drug trafficking crime, felon in possession of a firearm,

1

felon in possession of ammunition, and possession of an unregistered firearm. *ECF 47.* He was sentenced to 184 months custody followed by 5 years supervised release. *ECFs 56 and 57.* Weaselboy began his term of supervised release on July 19, 2013. *ECF 61 at 1, 2.*

## Petition

On November 7, 2013, the U.S. Probation Office prepared a Petition for Warrant or Summons for Offender Under Supervision alleging that Weaselboy violated:

(1)    Standard Condition Number 9 by associating with a person convicted of a felony without permission to do so;

(2)    Standard Condition Number 6 by failing to timely notify his supervising officer of a change in his residence;

(3)    the Preamble to the Standard Conditions by failing to keep his registration as a violent offender current in violation of Montana law;

(4)    Standard Condition Number 9 by associating with a person convicted of a felony without permission to do so; and

(5)    Standard Condition Number 7 by testing positive for

methamphetamine use, a violation for which he signed an admission form stating that he had ingested the substance on or about November 3, 2013.

Based on the petition, the undersigned issued a warrant for Weaselboy's arrest. *ECF 62.* The case was reassigned to the Hon. Donald W. Molloy, U.S. District Judge, and referred to the undersigned for Findings and Recommendations. *See Standing Order No. DLC-10.*

## Initial Appearance

Weaselboy was arrested and made an initial appearance before the undersigned on November 8, 2013. *ECF 63.*

## Revocation Hearing

On November 13, 2013, the undersigned conducted a hearing on whether Weaselboy's supervised release should be revoked. David Merchant, Federal Defenders of Montana, represented Weaselboy. Assistant U.S. Attorney Lori Suek represented the United States. The undersigned explained the Findings and Recommendations procedure to Weaselboy, including his right to appear and allocute before Judge Molloy and the necessity of properly objecting to the Findings and

Recommendations in order to preserve that right. In addition, Weaselboy, his counsel, and the Assistant U.S. Attorney executed an Acknowledgment of Rights and Consent.

Weaselboy admitted each violation with the exception of violation number 3. Ms. Suek indicated that the United States would not withdraw violation number 3 from the Petition, and called Martin Hylland, USPO, to present evidence supporting the alleged violation. Mr. Hylland testified that although Weaselboy originally reported that he would live at 2040 Burnstead Drive and listed this address on his violent offender registration, Mr. Hylland discovered during a home visit that Weaselboy was actually residing at 319 South 35th Street. Mr. Hylland stated he is unsure of whether Weaselboy ever resided at 2040 Burnstead Drive. Mr. Hylland also indicated that a search of the violent offender registry revealed that Weaselboy had not changed his violent offender registration to reflect his actual residence of 319 South 35th Street, as required by MCA § 46-23-507.

Based on Mr. Hylland's testimony, the Court concluded that the alleged violation number 3 is supported by a preponderance of the

evidence and that Weaselboy did in fact violate the Preamble to the Standard Conditions by failing to properly register as a violent offender in violation of Montana law. The Court also accepted Weaselboy's admissions with respect to violation numbers 1, 2, 4, and 5.

The undersigned then determined that Weaselboy's supervised release should be revoked, and proceeded to consider sentencing recommendations. The undersigned calculated that Weaselboy's violation grade is B and C, his criminal history category is V, and the underlying offenses are class A and C felonies. The United States Sentencing Guidelines call for 18 to 24 months incarceration. Weaselboy could be sentenced to a term of not more than 5 years of supervised release, less any incarceration time imposed. Ms. Suek and Mr. Merchant agreed with those calculations.

Ms. Suek recommended incarceration for a term of 24 months with 3 years supervised release to follow. Ms. Suek stated that the high end of the guideline range is appropriate considering the nature of Weaselboy's violations, particularly with respect to failing to properly register as a violent offender and lying to his probation officer about his

actual residence. Ms. Suek stressed the importance of the violent offender registry, arguing that by failing to register Weaselboy not only committed a separate, stand alone violation of Montana law, but also violated the most important condition of his supervision.

Mr. Merchant stated that Weaselboy was released in July 2013 after spending 14 years in prison. Mr. Merchant stated that Weaselboy has since found a job and a place to live, and has been doing well at work. Weaselboy now has a relationship with Sandra Castro, who is currently 7 months pregnant, and has been supporting her for the past several months. Mr. Merchant argued that while Weaselboy did not keep his violent offender registration current, he consistently maintained contact with his probation officer. Mr. Merchant urged the Court to consider the success Weaselboy has had, particularly in light of his troubled past. For his sentencing recommendation, Mr. Merchant requested that Weaselboy be placed at a halfway house so he could keep his job and live with Sandrea. If custody is required, Mr. Merchant requested a term of 7 months incarceration, representing the low end of the guideline range for the class C violations.

Weaselboy addressed the Court. He stated that the reason he did not inform Mr. Hylland of his change in residence was because Mr. Hylland had warned him that any contact with convicted felons would result in a revocation. He explained that most of his friends, including Joe Broken Rope, are convicted felons, and that the reason he stayed with Broken Rope was because he had nowhere else to go. Weaselboy argued that while these people are felons, they, like him, are trying to do the right thing. He also explained that while he did not inform Mr. Hylland of his change in address, he did promptly respond when Mr. Hylland made contact with him and did not attempt to abscond.

As to the methamphetamine use, Weaselboy admitted to using and admitted it was a mistake. But he explained that he was frustrated by having to work a string of graveyard shifts, and he took the drug to help him stay awake. He also stated that he used only a small amount and it was only on one occasion. Weaselboy asked the Court for leniency and a second chance to continue working and staying on the right path. He stated that he wants to be there when Sandrea's baby is born and wants to be able to support and help her.

### III.  Analysis

Based on Weaselboy's admitted violations, his supervised release should be revoked.  The violations are troubling not only because they are breaches of the Court's trust, but also because of the multiple attempts made by Weaselboy's supervising officer to impart upon him the seriousness of his noncompliance and the consequences that likely would result with repeated failures to comply.  But the Court has listened carefully to Weaselboy's statements and, in doing so, recognizes the significant progress Weaselboy has made.  Balancing the serious nature of the violations with the successes Weaselboy has otherwise demonstrated, the Court concludes that a sentence on the low end of the guideline range, as calculated taking the class B violation into account, is appropriate.

Weaselboy should be sentenced to 18 months incarceration, with 42 months supervised release to follow.

### IV.  Conclusion

The undersigned advised Weaselboy that the above sentence would be recommended to Judge Molloy, and reminded him that he has

the right to appear and allocute before Judge Molloy. The undersigned instructed Weaselboy that he may object to these Findings and Recommendations within 14 days of their issuance, and must do so if he wishes to preserve his right to allocute before Judge Molloy.

The Court makes the following **FINDINGS.** Weaselboy violated:

1.   Standard Condition Number 9 by associating with a person convicted of a felony without permission to do so;

2.   Standard Condition Number 6 by failing to timely notify his supervising officer of a change in his residence;

3.   the Preamble to the Standard Conditions by failing to keep his registration as a violent offender current in violation of Montana law;

4.   Standard Condition Number 9 by associating with a person convicted of a felony without permission to do so; and

5.   Standard Condition Number 7 by testing positive for methamphetamine use, a violation for which he signed an admission form stating that he had ingested the substance on or about November 3, 2013.

The Court makes the following **RECOMMENDATION:**

1.   The District Court should revoke Weaselboy's supervised release and sentence Weaselboy in accordance with the attached Judgment, committing him to the custody of the United States Bureau of Prisons for a term of imprisonment of 18 months with 42 months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 14th day of November, 2013.

/s/ Carolyn S. Ostby
United States Magistrate Judge